UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　v.　　　　　　　　　　) <br>　　　　　　　　　　　　　　　)<br>MICHAEL C. OTT,　　　　　　 )<br>　　　　Defendant.　　　　　　 )<br>　　　　　　　　　　　　　　　) | CR. No. 02-379-01 (JDB)(AK) |

FILED

DEC 0 8 2006

## REPORT AND RECOMMENDATION

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

This matter was referred to a United States Magistrate Judge by the Honorable John D. Bates, for a Hearing on Violation and Report and Recommendation on violation of the Defendant's probation.

### Background

On June 5, 2003, Michael C. Ott appeared before the Honorable John D. Bates, following his plea of guilty to Unlawful Use of Communication Facility, in violation of 21 U.S.C. §843(b). Mr. Ott was sentenced to two years probation with the following special conditions: 1) The Defendant was required to serve six months in home detention in the electronic monitoring program, beginning within thirty days of being placed on supervision. During the period of detention, the Defendant was directed to remain at his place of residence except for employment or other activities approved by the Probation Office. The Defendant was required to wear an electronic device and pay for the electronic program. 2) The Defendant was instructed to participate in an educational/vocational skills training program, as approved by the Probation Office. 3) The Defendant was directed to provide the Probation Office with his income tax returns, an authorization for release of credit information and any other business or financial

information in which he has a control or interest. 4) The Defendant was required to submit to mandatory drug testing and participate in a substance abuse program, which may include drug testing, detoxification, outpatient counseling and residential treatment, as approved and directed by the Probation Office. 5) Supervision of Mr. Ott be transferred to the United States District Court for the Eastern District of Virginia, with the U.S. District Court for the District of Columbia retaining jurisdiction in his case.

Mr. Ott's probation commenced on June 5, 2003, and supervision was transferred to the Eastern District of Virginia on July 18, 2003.

On February 9, 2005, Mr. Ott's probation was revoked and he was sentenced to a period of six months incarceration to be followed by two years probation. At that time, the additional following conditions were imposed: 1) that he participate in substance abuse treatment programs which may include drug testing, detoxification services, outpatient counseling, and residential treatment as directed by the Probation Office; 2) that he complete a Parenting Skills class with Stafford County Social Services; and upon completion of his substance abuse treatment, that he continue with weekly AA/NA meetings and provide documentation to the supervising Probation Officer. The probation began on July 15, 2005, in the Eastern District of Virginia, and is scheduled to terminate on July 14, 2007.

On February 22, 2006, a Request for Course of Action (Form 12) was filed in which the Probation Officer alleged that Mr. Ott had failed to complete his in-patient substance abuse treatment program at the Rubicon Treatment Facility. By Memorandum dated February 16, 2006, the Probation Officer notified the trial court that, on November 3, 2005, Mr. Ott entered the Rubicon Treatment Facility for in-patient substance abuse treatment. Mr. Ott's entry into this

program was scheduled after he submitted positive urinalyses for heroin on September 2, 2005, and October 5, 2005. He was scheduled to complete the treatment program on February 2, 2006.

On February 2, 2006, the supervising Probation Officer for the Eastern District of Virginia reported to the U.S. Probation Office in the District of Columbia that Mr. Ott had left the Treatment Facility on January 18, 2006, without permission. Upon his return to the Facility on that same date, he submitted a positive urinalysis test for use of heroin. Mr. Ott later admitted that he used heroin during his absence from the program. Against the advice of his counselor, Mr. Ott again left the Facility on January 23, 2006, and he was subsequently discharged from the treatment program.

On January 25, 2006, Mr. Ott was arrested on a probation warrant issued by the Virginia State Probation and Parole Office. The warrant was issued after Mr. Ott reported to his state probation officer that he attempted to commit suicide with heroin on January 18, 2006.

On January 26, 2006, the Virginia State Probation and Parole Office revoked Mr. Ott's probation imposed in a state court conviction and he was incarcerated until November 20, 2006, at which time he was brought before this Court on a detainer based upon an arrest warrant issued by the trial court in this case.

## Hearing on Violation of Supervised Release

A hearing on the Defendant's violations of his probation was held before the undersigned on November 27, 2006. Mr. Ott was represented by counsel. At the hearing, the supervising Probation Officer for the United States District Court for the District of Columbia represented to the Court the facts outlined above and set forth in more detail in the Memorandum to the trial court dated February 16, 2006, that Mr. Ott was in violation of the terms and conditions of his

probation imposed by the trial court on February 9, 2005, namely that he failed to successfully participate in a substance abuse program. The report of the Probation Officer notes that while Mr. Ott's adjustment to supervision is characterized as poor, the Defendant had maintained a stable residence and employment with his mother's contracting company. At the hearing, the Probation Officer represented that Mr. Ott's pending supervision by the Virginia State Parole and Probation Office will continue until November 20, 2007, and thereafter, Mr. Ott will be in a "good behavior" status following the expiration of his probation, for a period up to the balance of the sentence imposed by the Virginia State Court, which will be approximately eight years. In light of these circumstances, the Probation Office recommends that Defendant's federal probation, imposed by this Court, be terminated as unsuccessful.

For the reasons stated by the Probation Officer, the United States concurred in that recommendation to the trial court. The Defendant, through counsel, did not acknowledge or deny that he was in violation of the terms and conditions of his probation but joined in the recommendation that his probation be terminated as unsuccessful.

### Recommendation to the trial court

It appears to the undersigned that the revocation of Mr. Ott's probation by the Virginia State Probation and Parole Office, resulting in his being incarcerated for approximately ten months, to be followed by one year's probation and followed thereafter with a period of unsupervised release during his "good behavior," for a period of approximately eight more years provides an appropriate sanction for the positive drug tests submitted by Mr. Ott. All parties concurred that the Virginia State revocation was based on the same violations giving rise to the Form 12 Request for Course of Action filed by the U.S. Probation Office in this Court. The

Probation Officer also noted that it would be a duplication of the supervision and an unnecessary use of the resources of two government probation offices to supervise Mr. Ott.

<u>Options Available to the Trial Court</u>

According to the Probation Office, the Defendant's conduct constitutes a Grade C violation and the trial court may: 1) revoke probation; or 2) extend the term of probation and/or modify the conditions of supervision. U.S.S.G. §7B1.3(a)(2). In the event the trial court revokes probation, the revocation advisory guidelines are 3 to 9 months for a Criminal History category of I and a Grade C violation. *See* U.S.S.G. §7B1.4(a). Pursuant to 18 U.S.C. §3565(a)(2), if the defendant violates a condition of probation at any time prior to the expiration of the term of probation, the court may revoke the sentence of probation and re-sentence the defendant to any punishment available at the original sentencing.

The trial court also has the discretion to terminate the defendant's probation as unsuccessful.

Should the trial court concur with the recommendation of the Probation Office, the Government and the Defendant, the trial court may sign this Report and Recommendation to acknowledge its receipt and terminate the Defendant's probation as unsuccessful

_____  
ALAN KAY  
UNITED STATES MAGISTRATE JUDGE

DATED: November 30, 2006

_____  
HONORABLE JOHN D. BATES

DATED: December 7, 2006